UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 09-185-KSF

JAMIE LEE COLE                                                                    PLAINTIFF

v.                                        **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                               DEFENDANT

* * * * * * * * * * *

This matter is before the Court upon the motion filed by Wolodymyr Cybriwsky, counsel for

the plaintiff, for attorneys fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),

seeking compensation for 33.3 hours of attorney time at a rate of $150.00 per hour, for a total fee of

$4,995.00 [DE #15].  The Defendant, Michael J. Astrue, Commissioner of Social Security, does not

contest the legitimacy of the work performed by Cybriwsky on behalf of the plaintiff, but rather

objects to the hourly rate upon which Cybriwsky's claim for compensation is based.   The

Commissioner contends that an hourly rate exceeding $125 per hour is excessive [DE #16].

Under EAJA, any party prevailing against the United States is entitled to recover its fees and

expenses, unless the position of the United States was substantially justified.   28 U.S.C .§

2412(d)(1)(A).  In particular, EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a
> prevailing party other than the United States fees and other expenses . . . incurred by
> that party in any civil action (other than cases sounding in tort), including
> proceedings for judicial review of agency action, brought by or against the United
> States in any court having jurisdiction of that action, unless the court finds that the
> position of the United States was substantially justified or that special circumstances
> make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  When calculating an award of fees under EAJA, the Court must base

the fee "on prevailing market rates for the kind and quality of the services performed." 28 U.S.C.

§ 2412(d)(2).  There is a statutory cap of $125.00 per hour for legal services "unless the court

determines that an increase in the cost of living or a special factor, such as the limited availability

of qualified attorneys for the proceedings involved, justifies a higher fee."   28 U.S.C. §

2412(d)(2)(A).

     According to the Supreme Court, reasonable fees are those "in line with those prevailing in

the community for similar services . . . of reasonably comparable skill, experience and reputation."

*Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  Thus, when determining the market rate, courts are

required to examine standard fees in the relevant community.  *Id*. at 895.  The burden is on the

plaintiff to provide evidence that the rates he requests are in line with appropriate community rates.

*Id*. at 895.  After considering the prevailing market rate issue, the Court then must consider whether

an increase in the fee level above the statutory cap is justified based on cost of living increases.

*Begley v. Secretary of Health and Human Services*, 996 F.2d 196, 200 (6th Cir. 1992).  Whether to

adjust a fee above the statutory cap based on an increase in the cost of living is entirely discretionary

with the Court.  *Id*. at 200.

     In support of his motion, Cybriwsky argues that the hourly rate in this case should be

increased to $150.00 due to "the applicable Cost of Living statistics for legal services generated by

the U.S. Department of Labor for the period between April 1996 and October 2009."  However, this

Court has consistently required a showing that the "prevailing market rate" is higher than the

statutory cap under EAJA, not just a showing that the cost of living has increased since EAJA was

enacted.  *See Whisman v. Astrue*, Lexington Civil Action No. 07-122-GWU (December 10, 2008).

Cybriwsky has also submitted the affidavit from attorney Alvin Wax, who received an award at the

hourly rate of $144.20 in *Watts v. Social Security Administration*, Frankfort Civil Action No. 02-

340-JMH (January 24, 2003).  In that case, the Court based the increased hourly rate on the fact the

matter necessitated "an understanding of and application of an developing or evolving area of the

law."  However, Cybriwsky has not alleged that the case at issue required any novel legal theories

or any extraordinary legal work.

Recently, several courts in this district have been presented with similar requests for

increased hourly rates in social security cases.  In fact, a sister court recently concluded that the

prevailing market rate for competent representation in social security cases in the Eastern District

of Kentucky should be increased from $100.00 to $125.00 per hour.  *See Bowlin v. Astrue,*

*Commissioner of Social Security*, London Civil Action No. 09-02-DCR (August 27, 2009)(holding

"[m]ost, if not all judges in the Eastern District of Kentucky now award fees in similar cases at a rate

of $125 per hour"), and *Rosenthiel v. Astrue, Commissioner of Social Security*, Covington Civil

Action No. 08-231-DCR (September 22, 2009).

This Court, having reviewed the parties' arguments, the record in general, and the decisions

by its sister courts, believes that an award of $125.00 per hour is appropriate in this case and is

consistent with the prevailing market rate for comparable legal services in the same community.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that the motion for

attorneys fees pursuant to 28 U.S.C. § 2412(d) [DE #15] is **GRANTED** to the extent that plaintiff's

counsel is awarded attorney's fees in the amount of $4,162.50 (33.3 x $125), and **DENIED** in all

other respects.

This February 24, 2010.



**Signed By:**

*Karl S. Forester*   K S F

**United States Senior Judge**